### SMITH *v.* MANHATTAN RY. CO.

(*Common Pleas of New York City and County, General Term.* May 2, 1892.)

COMMON CARRIERS—EJECTION OF PASSENGER—IRREGULAR BOARDING OF TRAINS.

    Plaintiff, having paid his fare, boarded defendant's elevated railway train by leaping on the rear platform, in violation of a rule of the company. His valise having been tossed to the platform of the next station, he recovered it, and returned into the train, whence defendant's servants attempted to eject him. *Held*, no matter what the irregularity of plaintiff was in boarding the train, his presence there was rightful, and defendant was liable for his injuries resulting from the attempted ejection.

Appeal from trial term.

Action by Clarence M. Smith against the Manhattan Railway Company to recover damages for injuries to plaintiff's person, inflicted by defendant's servants in an attempt to eject him from the train. Having paid fare to South Ferry, plaintiff boarded defendant's train at Chatham Square station, by leaping on the rear platform, in violation of a rule of the company, and rode thence to Hanover Square station. There plaintiff stepped out of the car to get his valise, which had been tossed on the platform, and then returned into the train. Thereupon defendant's servants essayed to eject him from the train, and in the attempt committed the injuries for which he sues. From a judgment for plaintiff, defendant appeals. Affirmed.

For former report, see 16 N. Y. Supp. 384, *mem.*

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

*Davies & Rapallo,* (*Brainard Tolles* and *Julien T. Davies,* of counsel,) for appellant. *Everett J. Esselstyn,* (*Jacob F. Miller* and *Philo P. Safford,* of counsel,) for respondent.

PRYOR, J. By its contract of carriage the defendant assumed an absolute obligation to protect the plaintiff as well against the willful as the negligent acts of its servants. *Stewart* v. *Railroad Co.*, 90 N. Y. 588; *Steamboat Co.* v. *Brockett,* 121 U. S. 637, 7 Sup. Ct. Rep. 1039; *Railroad Co* v. *Jopes,* 142 U. S. 18, 12 Sup. Ct. Rep. 109; *Craker* v. *Railroad Co.*, 36 Wis. 657; *Goddard* v. *Railroad Co.*, 57 Me. 202; Tayl. Priv. Corp. par. 347, (2d Ed.) But the defendant contends that, because the plaintiff boarded the train in a manner forbidden by its rules, its servants were justified in inflicting upon him the injuries of which he complains. Conceding that the plaintiff entered the car irregularly, the question is, did that fact alone authorize the defendant to

eject him? The rule violated did not interdict access to the car, but only access in a specific mode. The plaintiff had paid his fare. He had a right to go by that train. He was in a place appropriated to passengers, and at the time of the assault he was in no way misconducting himself. The attempt to put him off was not because he was where he had no right to be, but solely because he had got in the proper place in an improper manner. The wrong of which he is accused is not in being on the train, but in so getting on the train. He was not in delict after being in the car. Although where he had a perfect right to be, the effort to eject him was made merely because of antecedent misconduct in reaching the place, for the privilege of occupying which he had paid his money. His presence on the train being rightful, no matter what the irregularity in getting there, his removal would necessarily have been wrongful. Undoubtedly the defendant has authority to enforce observance of its regulations; but by preventing, not by punishing, the breach of them. The defendant has no power of retribution, and is incapable of compelling conformity to its rules by the imposition of a penalty. But the ejecting plaintiff for an act already accomplished would have involved a forfeiture of his right to be carried on that train. Only by present or prospective, and not by past, misconduct, does a passenger lose his privileges. In *Steamboat Co.* v. *Brockett*, 121 U. S. 637, 7 Sup. Ct. Rep. 1039, a passenger voluntarily put himself in a place from which the rules of the company excluded him, and while there was assaulted by the company's servants. Held, that nevertheless "the company was bound to furnish him safe transportation, and to indemnify him for injuries caused by the improper conduct of its servants." The adjudication that the wrongful presence of a passenger at a forbidden locality on the vehicle does not forfeit his right to transportation negatives the proposition that his right to carriage when aboard is lost by a breach of regulation in getting aboard.

Hitherto the argument has proceeded on the postulate that, when the attempt was made to eject the plaintiff, he was on the train by virtue of an irregular entry. But at Hanover square he left the train, and then re-entered it without resistance or remonstrance from the defendant. Having originally a right to conveyance by that train, and being now on it by no breach of regulation or other misconduct, the attempt to eject him was an utterly inexcusable outrage, for which the defendant might well have been chastised by a much heavier verdict than that of which, without reason, it complains.

Judgment and order affirmed, with costs. All concur.